1  Robert Gwen Leslie, PRO PER
   744 Fillmore St.
2  SANTA PAULA, CALIFORNIA 93060
   (805) 844-9374
3

```
┌─────────────────────────────────┐
│            FILED                │
│  ┌───────────────────────────┐  │
│  │      NOV 1 7 2014          │  │
│  └───────────────────────────┘  │
│   CLERK U.S. BANKRUPTCY COURT   │
│  CENTRAL DISTRICT OF CALIFORNIA │
│  BY:              Deputy Clerk  │
└─────────────────────────────────┘
```

4

5

6       UNITED STATES BANKRUPTCY COURT
        CENTRAL DISTRICT - SANTA BARBARA
7               NORTHERN DIVISION

8

9

10

11  ROBERT GWEN LESLIE, an individual      ) Case No.
                                           )
12                Plaintiff,               ) **COMPLAINT FOR**
                                           )
13                                         ) **1.    NEGLIGENCE**
        vs.                                )
14                                         ) **2.    QUIET TITLE**
                                           )
15  SANDRA K. MCBETH, Chapter 7 Trustee;   ) **3.    DECLARATORY RELIEF**
    WELLS FARGO BANK N.A; GEORGE           )
16  TORRES; and DOES 1 THROUGH 100,        ) **4.    VIOLATION OF BUSINESS AND**
    INCLUSIVE                              )     **PROFESSIONS CODE SECTION**
17                                         )     **17200 ET SEQ. AS FOR FAIR AND**
                  Defendants.              )     **EQUITABLE BUSINESS**
18                                         )     **PRACTICES**
                                           )
19                                         )
                                           )
20                                         )
                                           )
21                                         )
                                           )
22                                         )
                                           )
23  ─────────────────────────────────────  )
                                           )
24                                         )
                                           )
25                                         )
                                           )
26                                         )
                                           )
27  COMES NOW the Plaintiff, Robert Gwen Leslie ("Plaintiff"), complaining of the Defendants,

28  and each of them, as follows:

                                    1

                              **COMPLAINT**

# **INTRODUCTION**

1.      Plaintiff owned real property commonly described as 3739 Wheeler Canyon Road, Santa Paula, California 93060 ( the property), which is the subject of this action.  In this regard, the defendant, Sandra K. Mcbeth, Chapter 7 Trustee ("Trustee"), entered into a written agreement with defendant, Wells Fargo Bank, NA ("Bank") whereby Trustee negligently and/or intentionally improperly sold, without compliance with all legal requirements the water rights to certain wells located on the property.

2.      Plaintiff alleges that an actual controversy has arisen and now exists between the Plaintiff and Defendants, and each of them concerning the property.  Plaintiff desires a judicial determination and declaration of his rights with regard to the Property and the water rights mentioned above.

3.      On or about November 4 2014, the Trustee conducted a sale of the property without said water rights since the water rights had previously been transferred by the Trustee to the Bank.  Accordingly the property did not sell at its fair market value as a result thereof.  Plaintiff is informed and believes and thereon alleges the property sold for approximately $3.5 million, and was worth substantially more.

4.      Attached to this complaint identified as Exhibit A is a true and correct copy of the Declaration of Linda Rarey, which by this reference is incorporated herein as fully as though set forth at length.  Ms. Rarey is a retired agent for the Federal Bureau of Investigation.  She was an agent for 23 years and investigated international financial crimes both in the United States and abroad. Approximately 18 months past she investigated Plaintiff's Bankruptcy

**COMPLAINT**

1    proceeding and found that the Trustee did in fact did act with malfeasance and did violate her

2    duties as Trustee.  Such findings are detailed in her report that is attached to the declaration.

3

4

5                                   **THE PARTIES**

6        5.      Plaintiff is now, and at all times relevant to this action, a resident of the County of

7    Ventura, State of California

8        6.      The Trustee acted in such capacity in the Bankruptcy proceeding of Plaintiff Robert

9    G. Leslie, case no. 9:08-BK-11949, that was and still is pending in the County and City of

10   Santa Barbara.

11       7.      Plaintiff is informed and believes and thereon alleges that Bank is authorized and is

12   doing business in the State of California and in the County of Ventura.

13

14       8.      Plaintiff is informed and believes that defendant George Torres was the highest

15   bidder and potential buyer of the property at the sale conducted by the Trustee

16       9.      Plaintiff does not know the true names, capacities, or basis for liability of

17   Defendants sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendant

18   is in some manner liable to Plaintiff, or claims some right, title, or interest in the Property.

19   Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

20       10.     Plaintiff is informed and believes, and therefore alleges, that at all relevant times

21   mentioned in this Complaint, each of the fictitiously named Defendants are responsible in

22   some manner for the injuries and damages to Plaintiff so alleged and that such injuries and

23   damages were proximately caused by such Defendants, and each of them.

24       11.  Plaintiff is informed and believes, and thereon alleges, that at all times herein

25   mentioned, each of the Defendants were the agents, employees, servants and/or the joint-

26

27

28

3

**COMPLAINT**

ventures of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

## JURISDICTION

12.      The property that is the subject matter of this complaint is located in the County of Ventura, State of California, and the amount in controversy in this lawsuit exceeds $25,000.

## FIRST CAUSE OF ACTION FOR NEGLEGENCE
### (Against the Trustee, Does 1-100)

13.      Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

14.      Trustee had a duty to obtain the maximum true market value of the property. The Trustee was negligent in the manner the sale of the property was held and conducted. In this regard, Trustee negligently failed to perform her duty to identify and quantify waste related removal and/or remediation costs associated with the property; therefore, leaving all prospective buyers of the property without knowledge of specific or approximate financial liabilities. In not doing so any potential buyer was without knowledge of the extent of cost associated with removing this liability. Additionally, the Trustee had a duty to obtain the true market value of the property. Since the water rights to certain wells on the property were not included in the sale of the property, the purchase price of the property was far below the true market value.

15.      Trustee breached her duty of care in conducting the sale of the property. The Trustee failed to comply with all legal requirements and failed to quantify the waste prior to

the sale of the property.  The Trustee had transferred said water rights to the Bank prior to the sale and the Trustee failed to obtain the full true market value of the property.

16.      As a direct and approximate cost of the Trustee's negligence, Plaintiff has incurred damages of a sum of no less than $1 million, and such other and further sums that may be established at time of trial.

.

## SECOND CAUSE OF ACTION TO QUIET TITLE

### (Against all Defendants and Does 1-100)

17.      Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though set forth herein.

18.      Plaintiff is informed and believes and thereon alleges that the highest bidder and potential purchaser of the property was Defendant George Torres.  Defendant Torres is claiming that he was a valid purchaser of the property and is entitled to title thereof.

19.  Plaintiff is informed and believes that the Trustee was without any valid right to transfer the water rights to certain wells on the property to Bank.  Bank is claiming that it has legal rights to such water rights.

20.      Based upon the invalid transfer of the water rights to Bank, and the negligence of the Trustee in the manner and fashion of the sale of the property conducted, the sale is invalid and should and must be vacated and set aside. In this regard, Defendant George Torres is without any right, title or interest in the property.

**COMPLAINT**

21.     Title to the property should be reinstated in the name of Plaintiff including all water rights to certain wells on the property.  Both Bank and Torres should not have any right, title, or interest to the property, and Plaintiff therefore requests a judicial determination to quiet the title in the name of Plaintiff and no other person or entity.

## THIRD CAUSE OF ACTION

### DECLATORY RELIEF

#### (Declaratory Relief against all Defendants and Does 1 -100)

20.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though set forth herein.

21.     An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them, and their respective rights and duties regarding the sale of the property.

22.     Plaintiff contends the sale is void and that title to the property should be reinstated in the name of Plaintiff.  Plaintiff is informed and believes and thereon alleges that Defendants dispute Plaintiff's contention and that Defendants contend the sale was conducted properly and that Defendant Torres has properly purchased the property and has title thereof.

23.     Plaintiff therefore requests a judicial termination of the rights, obligation and interest of the party with regard to the property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their

**COMPLAINT**

rights with regard to the property. Plaintiff requests that the sale of the property be declared void, set aside. and that title be reinstated to Plaintiff, including all water rights to certain wells located on the property.

## FOURTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES

### (Against Defendant Trustee and Does 1-100)

24.      Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though set forth herein.   .

25.      Plaintiff is informed and believes and thereon alleges that the Trustee engaged in unlawful, unfair, or fraudulent business act or practices with respect to serving as a Trustee in Plaintiff's bankruptcy proceeding and in conducting the sale of the property, rising to unfair and deceptive business practices in violation of California Business and Professions Code Section 17200, etc.,

26.  As a direct and approximate of the unfair business practices of the Trustee, Plaintiff has incurred damages in a sum of not less than $1,0000,000 And such further and other sums according to proof.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff, prays for judgement as follows:

#### First Cause of Action

1.  For damages in the amount of $1,000,000 and according to proof

#### Second Cause of Action

**COMPLAINT**

2. For a determination and order by the court to quiet title and to re-instate title with all leagal rights in the name of Plaintiff including all water rights to certain wells on the property.

3. For damages in an amount of $1,000,000 and according to proof.

### Third Cause of Action

4. For a judicial determination and declaration and court order that the sale of the property is void, that Defendants and each of them are without any right, title, or interest in the property and that title to the property be reinstated in the name of Plaintiff including all water rights to certain wells on the property, and that Plaintiff otherwise has all legal rights as the lawful title holder to the property.

### Fourth Cause of Action

5.     For damages in the sum of $1,000,000 and according to proof.

### As To All Causes of Action

6.      For Attorney's Fees and Costs of this action;

7.      For interest according to proof

8.      For such other and further relief the court deems just and proper.

Dated: November 15, 2014

Robert G. Leslie

Robert G. Leslie

**COMPLAINT**

EXHIBIT "A"

DECLARATION OF LINDA S. RAREY

I, Linda Rarey, do hereby declare as follows:

1. I am over the age of 18 years and not a party to this action. I have personal knowledge of the facts stated herein and, if called as a witness, would competently testify thereto.

2. I worked as an agent for the Federal Bureau of Investigation for 23 years, from 1987 through September 2010. During my years of service, I investigated international financial crimes both here and abroad.

3. Approximately 18 months past I was asked to review Bankruptcy Case Number No. 9:08-bk-11949-RR, in re ROBERT GWEN LESLIE and MARILYN BEVERLY LESLIE, for the possible fraudulent conduct of a Trustee in a Bankruptcy Proceeding. The name of the Trustee is Sandra Macbeth and the Bankruptcy Case involved was initially a Chapter 11 case that was converted to a Chapter 7. When I concluded my investigation I prepared written report of my findings. I concluded that Ms. Macbeth did in fact act with malfeasance and otherwise violated her duties as the Trustee. A full true and correct copy of my written report is attached hereto Marked Exhibit A and by this reference incorporated herein as fully as then set forth at length. In my report I reference documents and such documents are also included.

4. I declare under penalty of perjury under the laws of the State of California and the United States of America that all of the forgoing is true and correct.

Executed this 13th day of November, 2014 in Chatsworth, California.

Linda S. Rarey
10215 Variel Avenue, Unit 17
Chatsworth, CA 91311

In re
ROBERT GWEN LESLIE and MARILYN
BEVERLY LESLIE,
Debtors

Case No. 9:08-bk-11949-RR

The following sets forth the findings of Linda S. Rarey after a review of the above noted
bankruptcy file.

This matter involves almost 2000 acres of land in Santa Paula, California. The background of
the matter was that the owner, Robert Leslie, had made an investment back in the late 1970's
which he pulled out of because he felt it wasn't performing well enough. He sustained a loss,
and legally claimed the loss on his income tax. Well past the statute of limitations, the IRS
issued a Notice of Deficiency, alleging that he had made the investment to purposely accrue a
loss for tax purposes. That ruling was appealed, and he lost. While I have some questions
regarding the way the IRS exceeded the statute of limitations (which seems to have been
addressed by the Supreme Court in United *States v. Home Concrete*, although Mr. Leslie is still
being held liable for the assessment, perhaps due to his inability to hire appropriate legal counsel
because all is funds are tied up in the bankruptcy), Mr. Leslie made some bad decisions, and
didn't deal with the liens. He subsequently filed a Chapter 11 Bankruptcy, which was converted
to a Chapter 7 by the Bankruptcy Court in Santa Barbara, in spite of the fact that there was more
than enough value in the estate to cover the debt. The IRS was the sole creditor in the
bankruptcy.

Regardless of bad decisions made by Mr. Leslie, in reviewing the documentation it was very
clear that the trustee was not handling the estate in accordance with the Handbook for
Bankruptcy Trustees. Furthermore, it became clear to me that the "game" for the trustees was to
sell everything off as quickly as possible, with no real effort to determine actual values. The
trustee's filings seem to be "rubber stamped" by the judges without much, if any, inquiry to the
validity of the information.

In the Leslie matter, I noticed that the Handbook for Chapter 7 Bankruptcy Trustees states:

## C.   STATUTORY DUTIES OF A TRUSTEE

Although this Handbook is not intended to be a complete statutory reference, the trustee's
primary statutory duties are set forth in part in section 704 of the Bankruptcy Code and are
detailed more thoroughly in other parts of this Handbook. **A chapter 7 trustee must be
personally involved in carrying out the trustee's duties and other fiduciary
responsibilities. 28 U.S.C. § 586(a).** If the trustee is or becomes unable to be directly
involved in the performance of these duties and responsibilities for any time period, the
trustee must advise the United States Trustee immediately. 28 U.S.C. § 586(a), 28 C.F.R.§
58.3(b).

http://www.justice.gov/ust/eo/ust_org/ustp_manual/

The trustee in this matter allowed a contract to be drawn up between her and Wells Fargo ceding the water rights to a 700 acre parcel of land owned by the Leslies to Wells Fargo (with no compensation to the Leslie estate), who had foreclosed on the adjacent property. This transaction resulted in a significant devaluation of the property. A deposition of the trustee regarding the transaction yielded responses of "I dunno" seems to be pretty solid evidence of her lack in this area of administrating the estate.

There are also directions in the manual regarding the handling of large amounts of funds in the Trustee account. Section 5, paragraph E directs as follows:

### CONTROLS OVER ESTATE BANK ACCOUNTS AND INVESTMENT OF ESTATE FUNDS

The trustee must immediately open a separate account for each estate as soon as funds are received. The accounts must be maintained under the direction and control of the trustee at all times. 28 U.S.C. § 586. Accounts may only be maintained at depositories which have agreed to abide by the requirements[11] established by the United States Trustee. The trustee must notify the United States Trustee of the identity of the banking institution in which estate funds are held and thereafter must immediately notify the United States Trustee of an intent to transfer estate accounts to another banking institution. 28 U.S.C. § 586.

Generally, a trustee should utilize a single banking institution and should initially deposit funds to an interest-bearing account in order to maximize the return to creditors. The trustee must monitor bank account activity on a regular and ongoing basis. 28 U.S.C. § 586.

### TYPES OF ACCOUNTS

Section 345(a) provides that a trustee may invest monies of an estate. Estate funds must be deposited or invested in order to provide a maximum, reasonable net return to creditors.

a.    Interest Bearing Accounts

Interest-bearing estate accounts are either money market accounts or savings accounts. In considering the reasonableness of the return on interest-bearing estate bank accounts, the trustee may consider the following factors: (1) size of the account; (2) expected duration of the deposit; (3) size of the interest rate differential between the bank's rate and comparable market rates in other institutions or investment vehicles; (4) whether the trustee has negotiated with the bank for the highest possible interest rate; (5) interest rates offered by other banks that provide bankruptcy services; and (6) the value and cost of software and other services provided by the trustee's bank.

FORM 104 (10/06)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| PLAINTIFF(S)<br>*Robert Gwen Leslie, an individual* | DEFENDANT(S)<br>*Sandra K. McBeth, Chapter 7 Trustee; Wells Fargo Bank N.A; George Torres; and Does 1 through 100 inclusive* |
|---|---|
| ATTORNEY(S) (Firm Name, Address, and Telephone No.)<br>*Robert Leslie, pro per* | ATTORNEY(S) (If Known)<br>*Timothy Yoo* |

**RECEIVED**
NOV 17 2014
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

| PARTY (Check One Box Only)<br>[X] Debtor [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor [ ] Trustee [ ] Other | PARTY (Check One Box Only)<br>[ ] Debtor [X] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor [ ] Trustee [X] Other |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

*NEGLIGENCE; Quiet Title; Declaratory Relief; Violation of Business and Professions Code Section 17200 ET SEQ. As For Fair and Equitable Practices*

**NATURE OF SUIT**

(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

*Note: Only a complaint including an objection to discharge under 11 U.S.C. § 727 will defer the clerk's entry of the debtor's discharge in bankruptcy. A complaint to determine the dischargeability of a debt under 11 U.S.C. § 523 does not affect the entry of a discharge with respect to other debts.*

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11 - Recovery of money/property - § 542 turnover of property
[ ] 12 - Recovery of money/property - § 547 preference
[ ] 13 - Recovery of money/property - § 548 fraudulent transfer
[X] 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31 - Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41 - Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66 - Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
[ ] 62 - Dischargeability - § 523(a)(2), flase pretenses, false representation, actual fraud
[ ] 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

**continued next column**

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61 - Dischargeability - § 523(a)(5), domestic support
[ ] 68 - Dischargeability - § 523(a)(6), willful and malicious injury
[ ] 63 - Dischargeability - § 523(a)(8), student loan
[ ] 64 - Dischargeability - § 523(a)(15), divorce/sep property settlement/decree
[ ] 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71 - Injunctive relief - reinstatement of stay
[X] 72 - Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
[ ] 81 - Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
[3] 91 - Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
[ ] 01 - Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§ 78aaa et seq
[2] 02 - Other (e.g., other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [X] Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

Form 104 (10/06), Page 2

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Robert Gwen Leslie | 9:08-BK-11949-BR |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District of California | Northern Division Santa Barbara | Hon. Peter Carroll |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*Robert G Leslie*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| Nov. 17, 2014 | Robert Gwen Leslie, pro per |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.